IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA
Plaintiff,

        No. 12-2897-STA-cgc
        Cr. No. 08-20432-STA

vs.

DERRICK JOHNSON,
Defendant.

---

ORDER TO CORRECT THE DOCKET TO REFLECT CORRECT RESPONDENT
ORDER DENYING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*
(ECF No. 2)
ORDER DENYING MOTION FOR ENTRY OF DEFAULT
(ECF No. 3)
ORDER DENYING MOTION FOR SUMMARY JUDGMENT
(ECF No. 5)
ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
(ECF No. 6)
ORDER DENYING MOTIONS FOR DISCOVERY
(ECF Nos. 7 & 8)
AND
ORDER DIRECTING UNITED STATES TO RESPOND

---

On November 15, 2013, Defendant Derrick Johnson, prison registration number 22711-076, an inmate at the Federal Correctional Institution ("FCI") in Butner, North Carolina, filed a *pro se* motion pursuant to 28 U.S.C. § 2255, along with a motion seeking leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The motion to proceed *in forma pauperis* is DENIED as moot because there is no filing fee associated with a motion pursuant to 28 U.S.C. § 2255. The Clerk is directed to correct the docket to reflect the proper respondent.

On March 4, 2014, Defendant Johnson filed a motion for entry of default. (ECF No. 3.) On June 16, 2014, Defendant filed a motion for summary judgment. (ECF No. 5.) The motions

are DENIED as premature. The United States has no duty to file a response until ordered by the Court to do so.

On September 3, 2014, Defendant filed a motion seeking the appointment of counsel. (ECF No. 6.) Rule 8(c) of the Rules Governing Section 2255 Proceedings in the United States District Courts provides:

> If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A. The judge must conduct the hearing as soon as practicable after giving the attorneys adequate time to investigate and prepare. These rules do not limit the appointment of counsel under § 3006A at any stage of the proceeding.

The Court has not concluded that a hearing is necessary. The motion for appointment of counsel (ECF No.6) is DENIED.

On September 3, 2014, Defendant filed a motion for leave to file a motion for discovery and a motion to expand the record. (ECF Nos. 7 & 8.) "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).[1] Rule 6(a) of the Section 2255 Rules provides, in pertinent part, that "[a] judge may, *for good cause*, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law" (emphasis added); *see also* Rule 6(b), Section 2255 Rules ("A party requesting discovery must provide reasons for the request."). The Supreme Court has described the circumstances under which "good cause" may be found:

> In *Harris* [*v. Nelson*, 394 U.S. 286, 300 (1969)], we stated that "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and

---

[1] Although the cases cited address Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts, that rule is virtually identical to the applicable Section 2255 Rule.

procedures for an adequate inquiry." . . . Habeas Corpus Rule 6 is meant to be "consistent" with *Harris*.

*Bracy*, 520 U.S. at 908-09; *see also Lynott v. Story*, 929 F.2d 228, 232-33 (6th Cir. 1991). "The burden of demonstrating the materiality of the information requested is on the moving party." *Stanford v. Parker*, 266 F. 3d 442, 460 (6th Cir. 2001). As the Sixth Circuit has emphasized:

> Rule 6 does not "sanction fishing expeditions based on a petitioner's conclusory allegations." *Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997); *see also Stanford*, 266 F.3d at 460. "Conclusory allegations are not enough to warrant discovery under [Rule 6]; the petitioner must set forth specific allegations of fact." *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994).

*Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004).

Johnson has not satisfied his burden of demonstrating that it is necessary or appropriate to permit discovery. The motions for discovery (ECF Nos. 7 & 8) are DENIED.

Pursuant to Rule 5(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, it is ORDERED that the United States file a response to the § 2255 motion within twenty-eight (28) days from the date of entry of this order.

Pursuant to Rule 5(d), Johnson may, if he chooses, submit a reply to Respondent's answer or response within twenty-eight days of service. Johnson may request an extension of time to reply if his motion is filed on or before the due date of his response. The Court will address the merits of Defendant's § 2255 Motion, or of any motion filed by Respondent, after the expiration of Defendant's time to reply, as extended.

Entered this 26th day of September, 2014.

                                          s/ S. Thomas Anderson
                                          S. THOMAS ANDERSON
                                          UNITED STATES DISTRICT JUDGE