**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

No. 1:13-cv-02897-STA-cgc
Cr. No. 1:08-cr-20432-STA-1

DERRICK JOHNSON,

    Defendant.

**ORDER DENYING MOTION FOR DISCOVERY
(ECF NO. 10)
ORDER DENYING MOTION FOR SANCTIONS
(ECF NO. 15)
ORDER TERMINATING MOTION AT ECF NO. 19
ORDER DENYING MOTIONS FOR EVIDENTIARY HEARING & SUBPOENA
(ECF NOS. 21 & 22)
ORDER DENYING & DISMISSING MOTION PURSUANT TO 28 U.S.C. § 2255
ORDER DENYING CERTIFICATE OF APPEALABILITY
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

On November 15, 2013, Defendant Derrick Johnson filed a motion pursuant to 28 U.S.C. § 2255 alleging that trial counsel provided ineffective assistance. (ECF No. 1.) On September 23, 2014, the Court directed the United States to respond to the motion to vacate. (ECF No. 9.)

On October 20, 2014, Johnson filed a motion seeking discovery.[1] (ECF No. 10.) "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a

---

[1]Johnson's two previous motions for discovery were denied by the Court's order entered on September 23, 2014. (ECF No. 10.)

matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).[2] Rule 6(a) of the Section 2255 Rules provides, in pertinent part, that "[a] judge may, *for good cause*, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law" (emphasis added); *see also* Rule 6(b), Section 2255 Rules ("A party requesting discovery must provide reasons for the request."). The Supreme Court has described the circumstances under which "good cause" may be found:

> In *Harris* [*v. Nelson*, 394 U.S. 286, 300 (1969)], we stated that "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." . . . Habeas Corpus Rule 6 is meant to be "consistent" with *Harris*.

*Bracy*, 520 U.S. at 908-09; *see also Lynott v. Story*, 929 F.2d 228, 232-33 (6th Cir. 1991). "The burden of demonstrating the materiality of the information requested is on the moving party." *Stanford v. Parker*, 266 F. 3d 442, 460 (6th Cir. 2001). As the Sixth Circuit has emphasized:

> Rule 6 does not "sanction fishing expeditions based on a petitioner's conclusory allegations." *Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997); *see also Stanford*, 266 F.3d at 460. "Conclusory allegations are not enough to warrant discovery under [Rule 6]; the petitioner must set forth specific allegations of fact." *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994).

*Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004).

Johnson has not satisfied his burden of demonstrating that it is necessary or appropriate to permit discovery. The motion for discovery (ECF No. 10) is DENIED.

On December 22, 2014, Johnson filed a motion for sanctions arising from the United States' second request for an extension of time to respond. (ECF No. 15.) The Court has

---

[2]Although the cases cited address Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts, that rule is virtually identical to the applicable Section 2255 Rule.

previously determined that good cause existed for granting the second motion for an extension of time. The motion for sanctions (ECF No. 15) is DENIED.

On January 13, 2015, the United States filed an answer contending that Defendant's motion is without merit. (ECF No. 17.) On February 10, 2015, Johnson filed a reply to the United States' answer. (ECF No. 19.) Johnson captioned his reply as a motion. (*Id.*) The Clerk is directed to terminate the pending motion at ECF No. 19.

On March 23, 2015, Johnson filed a motion seeking an evidentiary hearing and a motion for a witness subpoena. (ECF Nos. 21 & 22.) The Court has concluded that an evidentiary hearing is not necessary to resolve this matter. The motions for a hearing and a witness subpoena (ECF Nos. 21 & 22) are DENIED. For the reasons that follow, Johnson's § 2255 motion is DENIED.

## I. BACKGROUND TO MOTION

On February 11, 2009, a federal grand jury in the Western District of Tennessee returned a superseding indictment against Defendant Johnson charging him with one count of possession of a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g) (Count One). (Criminal ("Cr.") ECF No. 16.)

A jury trial commenced on December 14, 2009. (Cr. ECF No. 60.) On December 16, 2009, the jury returned a guilty verdict. (Cr. ECF Nos. 64-65.) On June 1, 2010, the Court conducted a sentencing hearing and imposed a sentence of 120 months imprisonment. (Cr. ECF No. 79.) Judgment was entered on June 3, 2010. (Cr. ECF No. 80.)

Johnson appealed, contending that Court erred in ordering his federal and state court sentences to be served consecutively, and the United States cross-appealed, contending that the Court erred in failing to sentence Johnson as an armed career criminal under 18 U.S.C. § 924(c).

3

*United States v. Johnson*, 675 F.3d 1013 (6th Cir. 2012). The United States Court of Appeals for the Sixth Circuit determined that Johnson was an armed career criminal and vacated Johnson's sentence. (*Id.*)

On remand, the Court sentenced Johnson to 180 months imprisonment as an armed career criminal, to be served concurrently with his state-court sentence. (Cr. ECF No. 104.) The amended judgment was entered on September 20, 2012. (Cr. ECF No. 105.) Johnson appealed, contending that his conviction for robbery with a deadly weapon under Tennessee law did not qualify as a violent felony and that the United States failed to meet its burden in establishing that it did. *United States v. Johnson*, 530 Fed. App'x 528 (2013). On July 23, 2013, the United States Court of Appeals for the Sixth Circuit affirmed Defendant's sentence. (*Id.*)

## II.     STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation and internal quotation marks omitted).

A § 2255 motion is not a substitute for a direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998). "[N]onconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings." *Stone v. Powell*, 428 U.S. 465, 477

4

n.10 (1976). "Defendants must assert their claims in the ordinary course of trial and direct appeal." *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996). This rule is not absolute:

> If claims have been forfeited by virtue of ineffective assistance of counsel, then relief under § 2255 would be available subject to the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In those rare instances where the defaulted claim is of an error not ordinarily cognizable or constitutional error, but the error is committed in a context that is so positively outrageous as to indicate a "complete miscarriage of justice," it seems to us that what is really being asserted is a violation of due process.

*Id*.

Even constitutional claims that could have been raised on direct appeal, but were not, will be barred by procedural default unless the defendant demonstrates cause and prejudice sufficient to excuse his failure to raise these issues previously. *El-Nobani v. United States*, 287 F.3d 417, 420 (6th Cir. 2002) (withdrawal of guilty plea); *Peveler v. United States*, 269 F.3d 693, 698-99 (6th Cir. 2001) (new Supreme Court decision issued during pendency of direct appeal); *Phillip v. United States*, 229 F.3d 550, 552 (6th Cir. 2000) (trial errors). Alternatively, a defendant may obtain review of a procedurally defaulted claim by demonstrating his "actual innocence." *Bousley*, 523 U.S. at 622.

"[A] § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999); *see also DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996) (same).

After a § 2255 motion is filed, it is reviewed by the Court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules"). "If the

5

motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.* The movant is entitled to reply to the Government's response. Rule 5(d), Section 2255 Rules. The Court may also direct the parties to provide additional information relating to the motion. Rule 7, Section 2255 Rules.

"In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)). "'[N]o hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Id.* (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). Defendant has the burden of proving that he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

A claim that ineffective assistance of counsel has deprived a defendant of his Sixth Amendment right to counsel is controlled by the standards stated in *Strickland v. Washington*, 466 U.S. 668 (1984). To demonstrate deficient performance by counsel, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688.

> A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. [*Strickland*, 466 U.S.] at 689. The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.*, at 687.

*Harrington v. Richter*, 562 U.S. 86, 104 (2011).

To demonstrate prejudice, a prisoner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.[3] "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

> It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." [*Strickland*, 466 U.S.] at 693, 104 S.Ct. 2052. Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*, at 687, 104 S.Ct. 2052.

*Richter*, 562 U.S. at 104; *see also id.* at 111-12 ("In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. . . . The likelihood of a different result must be substantial, not just conceivable." (citations omitted)); *Wong v. Belmontes*, 558 U.S. 15, 27 (2009) (per curiam) ("But *Strickland* does not require the State to 'rule out' [a more favorable outcome] to prevail. Rather, *Strickland* places the burden on the defendant, not the State, to show a 'reasonable probability' that the result would have been different." (citing *Strickland*, 466 U.S. at 694)).

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

> An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the *Strickland* standard must be applied with scrupulous care, lest "intrusive post-trial inquiry" threaten the integrity of the very adversary process the right to counsel is meant to serve. *Strickland*, 466 U.S., at 689-690, 104 S. Ct. 2052. Even under *de novo* review, the standard for judging counsel's representation is a most deferential one. Unlike

---

[3]"[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant." *Strickland*, 466 U.S. at 697. If a reviewing court finds a lack of prejudice, it need not determine whether, in fact, counsel's performance was deficient. *Id.*

7

a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." *Id.*, at 689, 104 S. Ct. 2052; *see also Bell v. Cone*, 535 U.S. 685, 702, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002); *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993). The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom. *Strickland*, 466 U.S., at 690, 104 S. Ct. 2052.

*Richter*, 562 U.S. at 105.

### III. ANALYSIS

On November 15, 2013, Johnson filed this motion to vacate alleging that his attorney provided ineffective assistance by:

1. Failing to object to the Court's lack of subject matter jurisdiction;

2. Failing to obtain exculpatory impeachment statements made by Marquisha Nesbitt;

3. Failing to object to the prosecution playing a testimonial recording to the jury;

4. The cumulative effect of all errors.

(ECF No. 1 at PageID 2-4.)

### Issue 1

Defendant contends that counsel's performance was deficient because she failed to object to the Court's lack of jurisdiction to indict and try him for violating 18 U.S.C. § 922(g). (ECF No. 1 at PageID 2.) The United States responds that the Court had jurisdiction to hear this case pursuant to 18 U.S.C. § 3231. (ECF No. 17 at PageID 5.)

The charging instrument was a superseding indictment which set forth the elements of a violation of 18 U.S.C. § 922(g). (Cr. ECF No. 16 at PageID 22.) An indictment must include "a plain, concise, and definite written statement of the essential facts constituting the offense

8

charged." Fed. R. Crim. P. 7(c)(1). An indictment is sufficient if it "'first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *United States v. Anderson*, 605 F.3d 404, 411 (6th Cir. 2010) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)).

Here, the superseding indictment charged Johnson as follows:

> On or about August 7, 2008, in the Western District of Tennessee, the Defendant
>
> Derrick Johnson
> a/k/a Derick Johnson
> a/k/a Jalildawud Abdullah
> a/k/a Mutee Abdullah Jalildawud
> a/k/a Jalildawud Mutee Abdullah
>
> having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate commerce a firearm, that is, a Ruger .40 caliber semi-automatic pistol, in violation of Title 18, United States Code, Section 922(g).

(Cr. ECF No. 22.) The indictment tracked the statutory language of 18 U.S.C. § 922(g). The indictment properly gave Johnson notice of the charge he would be facing at trial and was sufficiently specific so as to provide protection against double jeopardy.

The Court had jurisdiction to try this case under 18 U.S.C. § 3231. The annotated version of the statute reflects an effective date of June 25, 1948, the date President Truman signed the bill into law. The statute specifically provides that:

> The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.
>
> Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof.

9

18 U.S.C. § 3231. As the Seventh Circuit has noted: "Subject-matter jurisdiction comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry." *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999). *See also United States v. Titterington*, 374 F.3d 453 (6th Cir. 2004) ("'The federal courts' subject-matter jurisdiction to hear federal criminal prosecutions comes from 18 U.S.C. § 3231. . .").

The Supreme Court has explained that "[j]urisdiction is the power to decide a justiciable controversy, and includes questions of law as well as of fact." *United States v. Williams*, 341 U.S. 58, 66 (1951) (quoting *Binderup v. Pathe Exchange*, 263 U.S. 291, 305 (1923); *see also*, *United States v. Cotton*, 535 U.S. 625, 630 (2002) (explaining that jurisdiction means "the courts' statutory or constitutional power to adjudicate the case.") Title 18 U.S.C. § 3231 explicitly vests federal district courts with jurisdiction over "all offenses against the laws of the United States." *See United States v. Stewart*, 306 F.3d 295, 321 (6th Cir. 2002). Article I, Section 8 of the United States Constitution empowers Congress to create, define, and punish crimes irrespective of where they are committed. Johnson was charged with a federal offense, and this Court properly exercised jurisdiction over his case. *See e.g. United States v. Harris,* 397 F.3d 404, 409 (6th Cir. 2005) ("The district court properly had jurisdiction under 18 U.S.C. § 3231 because Harris and Holmes were charged with violations of federal criminal law."); *United States v. Madden*, 403 F.3d 347, 349 (6th Cir. 2005) (same).

Similar jurisdictional challenges have been rejected by this, and other, district courts. *See e.g*, *United States v. Casey*, 2005 WL 2114059, at *4 (W.D. Tenn. 2005) (rejecting criminal defendant's allegations that 18 U.S.C. § 3231 was not positive law and was not properly enacted by Congress), citing *United States v. Charles*, Crim. No. 00-20022-01-KHV, Civil No. 02-3100-

KHV, 2002 WL 31056548, at *4 (D. Kan. Sept. 9, 2002) (rejecting defendant's allegation that Title 18 of the United States Code was never properly enacted into positive law). "[T]he Sixth Circuit has flatly rejected similar challenges to the jurisdiction of the federal courts over violations of federal criminal statutes." *Casey*, 2005 WL 21140059, at *2. "[I]t is clear that 18 U.S.C. § 3231 gives the federal courts original and exclusive jurisdiction over federal crimes." *Id.*

To the extent Johnson contends that he should not have been prosecuted by both federal and state governments, the issue is substantively frivolous. It is firmly settled that both the state and federal governments may enact criminal prohibitions against the same conduct. *Abbate v. United States*, 359 U.S. 187, 194-95 (1959); *United States v. Lanza*, 260 U.S. 377, 382 (1922). Those two coordinate sovereigns may each prosecute the same defendant for the same conduct, if each respective forum's laws have been broken. *Abbate*, 359 U.S. at 194-95; *Lanza*, 260 U.S. at 382; *see also United States v. Wheeler*, 435 U.S. 313, 320 (1978); *Bartkus v. Ill.*, 359 U.S. 121 (1959).

Counsel did not perform deficiently by failing to raise frivolous challenges to the indictment or the Court's subject-matter jurisdiction. Accordingly, the Court finds that this claim is without merit and it is DISMISSED.

**Issue 2**

Johnson contends that counsel provided ineffective assistance by failing to discover and/ or request exculpatory impeachment statements made by witness Marquisha Nesbitt. (ECF No. 1 at PageID 3.) Johnson also alleges that the United States failed to disclose an impeachment statement in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). The United States responds

that Defendant has failed to show that such testimony exists or that it would have changed the outcome of his trial. (ECF No. 17 at PageID 66-67.)

Johnson alleges that Marquisha Nesbett testified "in a prior proceeding that officers went through the sunroof of Johnson's vehicle to gain entrance because the doors were locked" and "could not see inside of the vehicle because of the tint on the window." (ECF No. 1 at PageID 3.) Johnson fails to present a transcript of that testimony or an affidavit from Nesbitt. Although arguably germane to Johnson's motion to suppress evidence, he has not established that such testimony existed or was accessible to counsel before the evidentiary hearing. He has also failed to establish that such testimony was in the possession of the United States prior to the hearing on the motion to suppress. Marquisha Nesbitt did not testify at the suppression hearing. It defies reason that defense counsel would not have subpoenaed a witness who could provide a basis for suppressing the gun.

Marquisha Nesbitt testified for the prosecution at trial. She testified that Johnson did not have a gun on his person when he came to the door. (Cr. ECF No. 87-1 at PageID 416.) Nesbitt testified that, when police officers arrived, Johnson gave them his keys. (*Id.* at PageID 418.) Nesbitt saw the officers get the gun out of the car. (*Id.* at PageID 425.) This testimony does not corroborate the allegations advanced in this § 2255 motion. Johnson provides no piece of evidence that counsel could have used for impeachment of this witness at trial which would have altered the outcome.

Initial discovery was requested, provided, and detailed in the Court record. (Cr. ECF No. 15 at PageID 15-16.) Johnson fails to support his conclusory claim that the Government violated its duty under *Brady* or that any action or inaction by counsel on this issue prejudiced him. Accordingly, the Court has no basis for concluding that Johnson is able to demonstrate either

deficient performance or prejudice, as required by *Strickland*. The second issue is without merit and is DISMISSED.

**Issue 3**

Johnson contends that counsel failed to object when the prosecution played the recording of Lewis Nesbitt's phone call to 911. (ECF No. 1 at PageID 3.) The Court has reviewed the entire record of Johnson's criminal prosecution. The recording of the 911 call was played during the evidentiary hearing on Johnson's motion to suppress. (Cr. ECF Nos. 54-55, Cr. ECF No. 58.) The recording was not played or admitted into evidence during Johnson's trial. (Cr. ECF No. 67.) This issue is without factual foundation and is DENIED.

**Issue 4**

Defendant contends that he was prejudiced by the cumulative effect of counsel's errors. (ECF No. 1 at PageID 4.) Because the foregoing issues are without merit, there is no cumulative effect of errors for the Court to consider. Accordingly, the Court finds that this claim is also without merit, and the § 2255 Motion is DENIED as to Issue 4.

**IV.  CONCLUSION**

The motion, together with the files and record in this case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Defendant's conviction and sentence are valid and, therefore, his motion to vacate (ECF No. 1) is DENIED. Judgment shall be entered for the United States.

**V.  APPELLATE ISSUES**

Pursuant to 28 U.S.C. § 2253(c)(1), the district court is required to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional

right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

A COA may issue only if the movant has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. § 2253(c)(2), (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation and internal quotation marks omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005) (quoting *Miller-El*, 537 U.S. at 337).

In this case, for the reasons previously stated, Defendant's claim lacks substantive merit and, therefore, he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Fed. R. App. P. 24(a). *Kincade*, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a)

also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal *in forma pauperis* is DENIED. If Defendant files a notice of appeal, he must also pay the full $505 appellate filing fee (*see* 28 U.S.C. §§ 1913, 1917) or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days (*see* Fed. R. App. P. 24(a) (4)-(5)).

**IT IS SO ORDERED,** this 27th day of July 2015.

                                              **s/ S. Thomas Anderson**
                                              S. THOMAS ANDERSON
                                              UNITED STATES DISTRICT JUDGE